NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5016

JAMES R. HEUSS, II,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

James R. Heuss, II, of Miami, Florida, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5016

JAMES R. HEUSS, II,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant- Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-875,
Judge Emily C. Hewitt.

_____

DECIDED:  October 10, 2008

_____

Before BRYSON, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

James R. Heuss, II, appeals from a decision of the Court of Federal Claims dismissing his complaint for backpay for military service and related claims based on his failure to file his complaint within the six-year limitations period for such claims.  See 28 U.S.C. § 2501.  We affirm.

## BACKGROUND

Mr. Heuss entered on active duty with the United States Navy on February 2, 1984.  Later that year, he was charged with the sexual assault of a minor.  Mr. Heuss

entered a plea agreement in which he admitted committing that offense. After the Navy learned of the plea agreement, it took administrative actions to remove Mr. Heuss from the service. Mr. Heuss was discharged under other than honorable conditions on January 2, 1986. He was subsequently imprisoned in 1990 based on separate charges for which he is serving two consecutive life sentences without the possibility of parole.

On December 15, 2000, Mr. Heuss petitioned the Navy Discharge Review Board ("NDRB") to change his discharge to "Honorable." The NDRB denied that request and sustained the characterization of Mr. Heuss's discharge in September.

On June 10, 2003, Mr. Heuss applied to the Board of Correction of Naval Records ("BCNR") for the same relief. The BCNR denied all relief on March 24, 2004.

On December 22, 2006, Mr. Heuss filed a complaint with the trial court, alleging that he should not have been dismissed from the Navy, that the BCNR's decision should be vacated, that his discharge should be upgraded to Honorable, that his reenlistment code and current rank should be changed, that any information relating to the discharge should be expunged from his records, and that he should be awarded military backpay.

The trial court dismissed the complaint under 28 U.S.C. § 2501 because Mr. Heuss filed his claims after the six-year statute of limitations governing monetary claims against the United States had run, thereby stripping that court of jurisdiction to hear the claim for military backpay and leaving it with no source of jurisdiction to consider the non-monetary claims. Mr. Heuss filed a motion for rehearing, which the court rejected as untimely. Mr. Heuss then appealed to this court.

DISCUSSION

The Court of Federal Claims has jurisdiction under the Tucker Act, "to render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. Any such claim must be filed within six years from the date on which it first accrues. 28 U.S.C. § 2501. A claim for military backpay accrues on the date which the servicemember was discharged. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Because Mr. Heuss's claim for military backpay was filed more than six years after his discharge on January 2, 1986, the trial court correctly dismissed the complaint for lack of jurisdiction.

On appeal, Mr. Heuss argues that the six-year statute of limitations period should not have started to run until the administrative proceedings in the BCNR were completed in 2004. This court has already addressed and rejected that argument. See Martinez, 333 F.3d at 1312. As we explained in that case, because the pertinent administrative remedies are permissive, they do not need to be exhausted before a claim can be filed in the Court of Federal Claims. Id. To hold otherwise would impermissibly broaden the waiver of sovereign immunity implicit in the six-year time frame mandated by 28 U.S.C. § 2501 by making the United States subject to claims that have accrued more than six years prior to the initiation of suit. See id. at 1306.

Mr. Heuss argues, alternatively, that his claims should not have been dismissed because they were not time-barred under the Administrative Procedure Act ("APA"). However, the Court of Federal Claims does not have jurisdiction to hear cases arising

under the APA. <u>Murphy v. United States</u>, 993 F.2d 871, 874 (Fed. Cir. 1993). If Mr. Heuss's claims had been timely filed, the Court of Federal Claims could have considered his claims for military backpay and his related claims (changing the characterization of his discharge, his reenlistment code, his rank, and expunging his records) insofar as they would need to be considered to grant a backpay award. <u>Martinez</u>, 333 F.3d at 1313-14. Although Mr. Heuss cites cases from other circuits in which relief is granted under the APA, those decisions do not create a circuit split, because this case is governed by the separate statute of limitations for the Tucker Act. <u>See</u> <u>id.</u>

Mr. Heuss also tries to distinguish this case from <u>Martinez</u> by asserting that Mr. Heuss's discharge is "void as a matter of law." Mr. Heuss's argument requires this court to consider the propriety of his discharge—in other words, to reach the merits of Mr. Heuss's case. Because the statute of limitations has run, however, this court, like the trial court, has no jurisdiction to consider the merits.

Finally, Mr. Heuss asserts that his motion for reconsideration should not have been returned because it should have been deemed timely filed under the "Federal Prison Mailbox Rule," following <u>Houston v. Lack</u>, 487 U.S. 266, 273 (1988). Because we have affirmed the trial court's decision that it lacked jurisdiction, any error the trial court may have made in denying the motion for reconsideration was harmless because it would not have changed the outcome of this appeal. <u>See</u> <u>Brodowy v. United States</u>, 482 F.3d 1370, 1376 (Fed. Cir. 2007).